**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4252**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ALEXIS CORREA ALBARRAN,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:16-cr-00241-WO-1)

Submitted:  October 20, 2017                Decided:  November 3, 2017

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexis Correa Albarran pled guilty to one count of conspiracy to distribute cocaine. The district court sentenced Albarran to 42 months' imprisonment followed by a 3-year term of supervised release. Albarran now appeals, contending that his term of supervised release is unreasonable. Finding no error, we affirm.

A term of supervised release is part of a defendant's sentence, *United States v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998), which we review for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. Here Albarran challenges only the substantive reasonableness of his term of supervised release. In determining the length of a defendant's term of supervised release, the district court must "consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c) (2012). On appeal we assess substantive reasonableness, considering "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence is presumptively reasonable if it is within the properly calculated Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Albarran contends that his three-year term of supervised release, although within the Guidelines recommendation, is unreasonable in light of the mitigating arguments he raised before the district court. The district court considered those arguments but

2

explained that, in light of the nature of the offense conduct, a three-year term of supervised release was more appropriate in order to protect the public and provide adequate deterrence. We conclude that Albarran has not shown that his within-Guidelines sentence is unreasonable.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*